WARNER, J.
Palm Beach Newspapers, LLC, d/b/a The Palm Beach Post, seeks certiorari review of an order prohibiting it from publishing transcripts of a jail inmate’s recorded telephone conversations. We find that the Post’s publication of the transcripts is protected by the First Amendment. We further conclude that the trial court failed to comply with Florida Rule of Judicial Administration 2.420 in sealing court documents. We therefore grant the petition on both issues.
In the case below, Jamal Smith is charged with first degree murder and robbery with a firearm. The State has identified Frederick Cobia, a fellow jail inmate, as a prosecution witness. According to Smith, Cobia presents himself in the jail as a paralegal but has also been working as a “snitch” for the past six years. He actively gathers information on other inmates and provides it to the State. Cobia has *482 formally agreed to testify against seven inmates, including Smith, as part of a plea deal in his own murder case, but he claims to have information on a total of sixty inmates.' Smith alleges that Cobia is receiving special treatment in exchange for information and testimony, including preferential housing in the jail, separate transportation, to hearings, private conferences with judges, the ability to call detectives’ cell phones at any time free of charge; and the privilege of leaving the jail with detectives.
• On August 6, 2015, Smith’s public defender filed a motion to compel disclosure of Cobia’s history of .cooperation with the State and the benefits;being provided to him.- The public defender states that she “has received and reviewed Cobia’s recorded phone calls made from [Palm Beach Sheriffs Office (“PBSO”)] detention during the preceding two years of custody” and alleges that Cobia discusses his special treatment during the calls. The motion includes excerpts of Cobia’s conversations, including conversations with his attorney, detectives, and family members. The motion was not served on Cobia or his attorney. The trial court granted the motion and ordered the State to provide additional discovery.
On 'October 15, 2015, Cobia 'filed ah emergency motion for protective order and a motion to make court records confidential, stating that the Palm Beach Post “imminently intends to run a story” about Cobia, his role in Smith’s case, and the content of his recorded telephone calls. Cobia sought an order prohibiting the publication of the content of any of his recorded conversations, restraining PBSO and the public defender from further disclosing the calls, and sealing any.and all court records containing references to the calls. The trial court took no immediate action.
On that same date, the Post published an article on its website titled “Palm Beach County jailhouse lawyer doubles as jailhouse snitch.” The article contains quotes from Cobia’s recorded conversations and links to full transcripts of the calls. Also on that same date, Smith’s public defender filed full transcripts of Co-bia’s calls in the court file. The public defender allegedly also shared the transcripts with numerous local defense attorneys. Three'days later, the Post ran a version of the article in its print newspaper.
The trial court heard Cobia’s motions in November and subsequently entered an order granting them. The court found that “the Government (the Sheriff, the State Attorney, and Public Defender) has no right to intrude” into Cobia’s personal communications. The court expressed “great concern” over how the public defender came into possession.of the recorded calls and found that the Post “got the information through the Government’s violation of Mr. Cobia’s right to privacy....” The order requires the Post to remove the transcripts .from its website; prohibits the Post, the Public Defender’s Office, the State Attorney’s Office, PBSO, or any other entity from publishing or disclosing the transcripts to any third party; and seals Smith’s motion to compel, the order granting Smith’s motion, and the full transcripts. The Post complied with the order and timely filed this petition. We previously granted the petition with this opinion to follow,
A prior restraint on publication, or censorship of information that has already been published, is presumptively unconstitutional under the First Amendment. See, e.g., Neb. Press Ass’n v. Stuart, 427 U.S. 539, 559, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976) (“[Pjrior. restraints on speech and publication are the most serious and *483 the least tolerable infringement on First Amendment rights.”)- The First Amendment’s protection of truthful reporting regarding criminal proceedings is especially strong. See, e.g., Fla. Star v. B.J.F., 491 U.S. 524, 530-32, 109 S.Ct. 2603, 105 L.Ed.2d 443 (1989); Cox Broad. Corp. v. Cohn, 420 U.S. 469, 492-93, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975).
■ A party seeking to uphold a prior restraint or censorship order carries a heavy burden of showing an interest sufficient to overcome the First Amendment rights of the press. The party must also demonstrate that there are no alternative measures available to protect the competing interest and that the prior restraint or censorship will be effective to accomplish that purpose. See Neb. Press Ass'n 427 U.S. at 558-62, 96 S.Ct. 2791; State ex rel. Miami Herald Publ’g Co. v. McIntosh, 340 So.2d 904, 908 (Fla.1976); see also Smith v. Daily Mail Publ’g Co., 443 U.S. 97, 102, 99 S.Ct. 2667, 61 L.Ed.2d 399 (1979) (noting that any restraint or sanction on publication of lawfully obtained, truthful information requires “the most exacting” constitutional scrutiny).
The only interest, asserted here is Cobia’s right to privacy regarding the content of his telephone conversations. Where matters of public concern are involved, privacy interests give way to the First Amendment right to publish lawfully obtained, truthful information about such matters. See Bartnicki, v. Vopper, 532 U.S. 514, 534, 121 S.Ct. 1753, 149 L.Ed.2d 787 (2001) (“[P]rivacy concerns give way when balanced against the interest in publishing matters of public importance.”); Fla. Star, 491 U.S. at 536-37, 109 S.Ct. 2603 (stating that a news report about a criminal prosecution is “a matter of public significance”); see also Gawker Media, LLC v. Bolleo, 129 So.3d 1196, 1200-02 (Fla. 2d DCA 2014). Here, the matter is clearly one of public.concern, as it involves a murder prosecution and the kind of evidence that the State seeks to use at trial.
Regardless, Florida law is well-set: tied that a jail inmate has no reasonable expectation of privacy in his telephone conversations. See McWatters v. State, 36 So.3d 613, 636 (Fla.2010); Mosley v. State, 46 So.3d 510, 524 (Fla.2009); Jackson v. State, 18 So.3d 1016, 1029-30 (Fla.2009).
Cobia relies on Bent v. State, 46 So.3d 1047, 1050 (Fla. 4th DCA 2010), in which this Court- quashed an order allowing; a newspaper access to recordings of two juvenile jail inmates’ telephone conversations with their parents. We held that, despite the inmates’ lack of expectation of privacy in their conversations, the recordings were not subject to disclosure as public records. Id. But ,the issue in Bent, whether a newspaper is entitled to access to an inmate’s conversations as a public record, is very different from the question presented here, whether an, inmate has a right of privacy in such recorded conversations which would prevent a newspaper from publishing the content of an inmáte’s conversations obtained from government sources and included in the court file of a criminal proceeding. Bent determined that the recorded phone calls of inmates were not public records within the meaning of the statutes and constitutional provisions. Id. It did not decide that an inmate had a right of privacy in such phone conversations.
- And, unlike the calls in Bent, the transcripts involve Cobia’s activities about which he intends to testify for the State. In concluding that the recorded phone calls in Bent were not subject to public records disclosure, we noted that the calls did not involve “investigative material” so as to “perpetuate or formalize knowledge in connection with official action.” Id. *484 Here, however, the calls involve a key witness in several murder investigations and his activities with respect to this and other cases in which he is a material witness.
The trial court in this case failed to explain why Cobia’s privacy rights were so compelling as to overcome the Post’s First Amendment right to publish the transcripts. The court simply expressed “great concern” over how Smith’s attorney came into possession of the recorded calls and found that the Post “got the information through the Government’s violation of Mr. Cobia’s right to privacy.” In Bart-' nicki, the United States Supreme Court held that if a publisher lawfully obtains truthful information about a matter of public concern, its right to publish the information is protected by the First Amendment, even if the source of the information obtained it unlawfully. 532 U.S. at 527-35, 121 S.Ct. 1753. There is nothing to show that the Post, or even that the Public Defender, acquired the transcripts unlawfully.
The trial court also failed to consider whether there were alternative means available to protect the content of Cobia’s conversations and whether its order was narrowly tailored and effective to accomplish its stated purpose of protecting Co-bia’s privacy. The United States Supreme Court has held that where the government itself provides information to the media, it is appropriate to assume that “the government had, but failed to utilize, far more limited means of guarding against dissemination” than punishing or restraining the press. Fla. Star, 491 U.S. at 538, 109 S.Ct. 2603.
Once the government has placed such information in the public domain, “reliance must rest upon the judgment of those who decide what to publish or broadcast,” and hopes for restitution must rest upon the willingness of the government to compensate victims for their loss of privacy and to protect them from the other consequences of its mishandling of the information....
Id. (citation omitted). In Florida Star, a sheriffs department inadvertently disclosed the name of a victim of sexual assault in a complaint report, and the name was reported by a newspaper in violation of section 794.03, Florida Statutes (1983), which prohibits publication of the identity of a sexual assault victim. Similarly, in this case, PBSO had possession of the tapes and thus is ultimately responsible for their release. The remedy for any violation of Cobia’s privacy, if any, lies with the government, rather than against the Post’s right to publish truthful information it lawfully obtained.
In any event, even if Cobia had some privacy interest in the communications at the jail, which we do not find that he had, the trial court’s order was ineffectual. By the time the court entered its order, the full transcripts of Cobia’s conversations had been available on the Post’s website and in the open court file for over a month. The excerpts quoted in Smith’s motion to compel had been in the court file for almost four months.
We find that the Post’s publication of the transcripts is protected by the First Amendment. We therefore grant the petition as to this part and quash the portions of the trial court’s order requiring the Post to remove the transcripts from its website and prohibiting the Post from further publishing them.
With respect to that portion of the order sealing the already-filed transcripts of Cobia’s phone conversations, we also grant the petition. The trial court premised its order sealing the records on Co-bia’s right of privacy in such calls, which, *485 as noted above, is non-existent for an inmate. The government did not violate Co-bia’s right of privacy by recording his phone conversations, nor has this Court been advised of any statute or rule which would compel the government to not disclose such conversations.
Additionally, the court failed to adhere to the requirements of Florida Rule of Judicial Administration 2.420(e)(3)(E) in promulgating its order sealing the transcripts, in that the order did not state with particularity the information it deemed to be “confidential” under Rule 2.420(c). Nor did it find, as required by Rule 2.420(e)(3)(G), that “(i) the degree, duration, and manner of confidentiality ordered by the court are no broader than necessary to protect the interests set forth in subdivision (e); and (ii) no less restrictive measures are available to protect the interests set forth in subdivision (e)....” Fla. R. Jud. Admin. 2.420(e)(3)(G); see Barron v. Fla. Freedom Newspapers, 531 So.2d 113, 118 (Fla.1988). We thus grant the petition and quash the order sealing the records, although we do not preclude the trial court from reconsidering this issue as to some particular conversations which might conceivably be considered confidential under Rule 2.420.

Petition granted.

STEVENSON, J., concurs.
CIKLIN, C.J., concurs specially with opinion.